UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 1:22-cr-23 |
| v. | ) | |
| | ) | Judge Atchley |
| | ) | |
| DREQUAN BIVENS | ) | Magistrate Judge Lee |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant Drequan Bivens's Motion to Dismiss Indictment [Doc. 16] arguing that the statute relied upon in the Indictment, 18 U.S.C. § 922(g)(1), is unconstitutional and violates the Second Amendment as applied to him. Mr. Bivens argues that under the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Government is required to show that a challenged law "is consistent with the nation's historical tradition of firearms regulations." *Bruen*, 142 S. Ct. at 2129-30. For reasons that follow, Defendant's Motion to Dismiss Indictment [Doc. 16] will be **DENIED**.

1. BACKGROUND

Defendant Bivens is charged with one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. On September 19, 2023, Defendant filed a Motion to Dismiss Indictment [Doc. 16], arguing that, as applied to him, § 922(g)(1) is unconstitutional. [Doc. 16 at 1]. Defendant argues that his status as a felon does not categorically deprive him of his Second Amendment rights and he remains one of "the people" entitled to its protection. [*Id.* at 2-3]. Under the Supreme Court's holding in *Bruen*, Defendant reasons that the Government must demonstrate that § 922(g)(1)'s restriction on his Second Amendment rights is consistent with this nation's historical tradition of firearm regulation. [*Id.* at 2]. He urges that the Government has the burden to come forward with a historical analogue to felon-in-possession bans to justify the

deprivation of his Second Amendment rights. [Doc. 21].

The United States responds that the Supreme Court and the Sixth Circuit have repeatedly confirmed that the Second Amendment permits laws that prohibit felons from possessing firearms. [Doc. 18 at 2]. *Bruen* did not change this, but rather affirmed that the Second Amendment right belongs to "law-abiding, responsible citizens," rather than felons. [*Id.* at 4]. Because the plain text of the Amendment does not cover the Defendant's conduct, § 922(g)(1) does not burden conduct that falls within the scope of the Second Amendment right, as historically understood. Finally, the Government maintains that the Nation's historical tradition confirms that the Second Amendment allows prohibitions on the possession of firearms by felons. [*Id.* at 10-14]. In reply, Defendant contends that he remains among "the people" covered by the Second Amendment and the Government has failed to show a historical analogue to justify depriving him of the right to possess a firearm. [Doc. 21].

2. **LAW**

A defendant may challenge a defect in an indictment, including its constitutionality, via a pretrial motion to dismiss, provided "the basis of the motion is then reasonably available, and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B).

A defendant may challenge the constitutionality of a statute facially or as applied. A statute is facially unconstitutional if it is "unconstitutional in all of its applications." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008). In contrast, an as applied challenge asserts that the statute in question is unconstitutional as applied to the defendant's alleged conduct. *Carroll v. City of Cleveland*, 522 Fed. App'x 299, 306 (6th Cir. 2007).

When ruling on a motion to dismiss an indictment, the Court accepts factual allegations therein as true, and determines only whether the indictment is valid on its face. *See United States*

*v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

   3. ANALYSIS

      a. *Bruen's* Impact on Second Amendment Analysis

Defendant contends that under *Bruen*, the "plain text" of the Second Amendment covers his conduct and he is therefore presumptively protected as one of "the people." [Doc. 21 at 2]. In *Bruen*, the Supreme Court announced a new standard for courts to apply when "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 142 S. Ct. at 2129-30. Contrary to Defendant's assertion, *Bruen* has no impact on the Indictment or § 922(g)(1). This conclusion stems from *Bruen's* predecessor – *D.C. v. Heller*, 554 U.S. 570 (2008).

In *Heller*, the Supreme Court considered a Second Amendment challenge to a District of Columbia law that required residents to keep lawfully owned firearms "unloaded and dissembled or bound by a trigger lock or similar device." *Heller*, 554 U.S. at 575. The *Heller* Court conducted a thorough analysis of the text and history underlying the Second Amendment to discern its true meaning. *Id*. at 576-622. *Heller* held that the Second Amendment guarantees "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id*. at 592, 622 & 635.

Perhaps anticipating future challenges, the *Heller* court, in dicta, qualified the scope of the Second Amendment, stating "the right secured by the Second Amendment is not unlimited . . . nothing in our opinion should be taken to cast doubt on longstanding prohibitions of firearms by felons." *Id*. at 626.

Following *Heller*, the Courts of Appeals developed a "'two-step' framework for analyzing challenges that combines history with means-end scrutiny." *Bruen*, 142 S. Ct. at 2125. The first step followed the *Heller* analysis. Based on the history and text of the Second Amendment, "the government may justify its regulation by 'establishing that the challenged law regulates activity

3
Case 1:22-cr-00023-CEA-SKL   Document 22   Filed 11/21/23   Page 3 of 9   PageID #: 131

falling outside the scope of the right as originally understood.'" *Id*. at 2126. If successful in that showing, the regulated activity is categorically unprotected, and the analysis ends. *Id*. "But if the historical evidence at this step is 'inconclusive or suggests that the regulated activity is *not* categorically unprotected, the courts generally proceed to step two." *Id*. Such was the standard analysis for 14 years.

Enter *Bruen*. In *Bruen*, law-abiding citizens challenged New York's concealed permitting process, claiming it violated their Second Amendment rights. *Bruen*, 142 S. Ct. at 2117. Before addressing the merits, the *Bruen* Court addressed the two-step framework developed following *Heller*. The *Bruen* Court held that "[s]tep one of the predominant framework is broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history." *Id*. at 2127. However, they held that the second step was inappropriate because, under *Heller*, the Second Amendment does not support applying means-end scrutiny. *Id*. The result is a condensed single step analysis focused on the text and history of the Second Amendment.

Tying it together, under *Bruen*,

> the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The Government must then justify its regulation by demonstrating that it is consistent with the Nation's historical traditional regulation.

*Id*. at 2129-30. Thus, courts must first determine whether an individual's conduct is covered by the text of the Second Amendment. If it is not, the analysis ends and there is no Second Amendment protection. However, if the conduct is covered, the Government must prove the regulation comports with this "Nation's historical tradition of firearm regulation." *Id*.

b. § 922(g)(1) is Presumptively Lawful

Although *Bruen* altered the analytical framework for Second Amendment challenges from

4
Case 1:22-cr-00023-CEA-SKL   Document 22   Filed 11/21/23   Page 4 of 9   PageID #: 132

*Heller*, it did not alter *Heller's* statement that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful." *Heller*, 554 U.S. at 626-27 n. 26.[1]

Six Justices – Justices Alito, Kavanaugh, Roberts, Breyer, Sotomayor, and Kagan – each affirmed this proposition in concurring and dissenting opinions in *Bruen*. *See Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. . . . Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742 (2010), about restrictions that may be imposed on the possession or carrying of guns."); *id*. at 2162 (Kavanaugh, J., joined by Roberts, J., concurring) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *id.* at 2189 (Breyer, J., joined by Sotomayor, J., and Kagan, J., dissenting) (acknowledging that *Bruen* has no impact on *Heller's* finding that banning felons from owning firearms is presumptively lawful). A majority of the Supreme Court agrees – the Second Amendment allows laws that prohibit felons from possessing firearms.

In the absence of direct guidance from the Sixth Circuit,[2] the Court finds additional support for its approach in the Eighth Circuit, which recently upheld the constitutionality of § 922(g)(1). In *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), the Eighth Circuit concluded that felon-in-possession bans are still presumptively lawful under *Heller* and *McDonald*, and "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id.*

Yet not every Circuit has followed this approach. In *Range v. Attorney General United*

---

[1] As a matter of law, it matters not that these statements from *Heller* are dicta. In the Sixth Circuit, "[l]ower courts are obligated to follow Supreme Court dicta, particularly where there is not substantial reason for disregarding it, such as age or subsequent statements undermining its rationale." *In re Baker*, 791 F.3d 677, 682 (6th Cir. 2015).

[2] The Court notes that the Sixth Circuit has not addressed the constitutionality of § 922(g)(1) post-*Bruen*.

*States of America*, 69 F.4th 96, 106 (3d Cir. 2023), an en banc court found that a person convicted of the felony of making false statements under Pennsylvania law retained his Second Amendment right to possess a firearm.[3]

The *Range* decision was not unanimous, with three dissenting opinions that argued the majority did not afford proper weight to "the Supreme Court's consistent admonishment that felon bans are 'longstanding' and 'presumptively lawful.'" *Id*. at 114 (Schwartz, J., dissenting); *see also id.* at 119-20 (Krause, J., dissenting) ("[T]ime and again, the Supreme Court has acknowledged that the deep roots of felon-in-possession bans in American history impart a presumption of lawfulness to 18 U.S.C. § 922(g)(1). . . . *Bruen* observed that historical analogies must be more flexible when a contemporary regulation implicates 'unprecedented social concerns or dramatic technological changes.' Section 922(g)(1) is such a regulation, as the lethality of today's weaponry, the ubiquity of gun violence, the size and anonymity of the population, and the extent of interstate travel were unknown at the Founding.") (cleaned up); *see also id*. at 141 (Roth, J., dissenting) ("The Court did not, in *Bruen*, overrule its decisions upholding Congress's power to regulate the possession of firearms in interstate commerce. These decisions remain good law.")

The dissenters' logic is consistent with the Eighth Circuit's decision in *Jackson* and the plain language used by much of the *Bruen* Court. The clear weight of authority suggests *Heller* was not disturbed by *Bruen*. Absent contrary direction, this Court continues to follow the Sixth Circuit's interpretation of *Heller*. *See, e.g., United States v. Carey*, 602 F.3d 738 (6th Cir. 2010). Section § 922(g)(1)'s ban on felons possessing firearms remains presumptively lawful because felons are not among "the people" covered by the plain text of the Second Amendment. This

---

[3] *See also United States v. Bullock*, 2023 WL 4232309, at *1 (S.D. Miss. June 28, 2023) (finding § 922(g)(1) unconstitutional as applied to an individual previously convicted of manslaughter).

finding is sufficient to defeat a facial challenge[4] to the constitutionality of § 922(g)(1).

### c. Section § 922(g)(1) is Constitutional as Applied to the Defendant

Even though *Heller* remains good law, its dicta is not absolute. "*Heller* only established a presumption that such bans were lawful; it did not invite courts onto an analytical off-ramp to avoid constitutional analysis." *Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678, 686 (6th Cir. 2016). Such a presumption implies "that there must exist the possibility that the ban could be unconstitutional in the face of an as-applied challenge." *Id*. (quoting *United States v. Williams*, 616 F.3d 685, 692 (7th Cir. 2010)). As applied to the Defendant, § 922(g)(1) survives scrutiny for two reasons.

First, since *Bruen* did not disturb *Heller*, Sixth Circuit authority applying *Heller* remains good law. In *United States v. Carey*, the Sixth Circuit held that, under *Heller*, § 922(g)(1) is constitutional because the Second Amendment's reach is "specifically limited in the case of felon prohibitions." *Carey*, 602 F.3d at 740. The court held that a felon's right, or lack thereof, to possess a firearm does not fall under the plain text of the Second Amendment, and "Congress's prohibition on felon possession of firearms is constitutional." *Id.* at 740-41. As a convicted felon, Defendant's conduct therefore falls outside the Second Amendment and may be regulated. Accordingly, his as-applied challenge fails. *See Bruen*, 142 S. Ct. at 2126-27, 2129-30 (only when the regulated activity falls within the text of the Second Amendment must the Government prove such regulation is "consistent with the Nation's historical tradition of firearm regulation"). Importantly, *Carey* is not an isolated decision. The Sixth Circuit has repeatedly affirmed that felon in possession bans are

---

[4] Defendant's Motion to Dismiss does not raise a facial challenge. However, given the continuing challenges to § 922(g)(1) charges in the Eastern District of Tennessee, the Court finds it appropriate to summarize what it understands to be the current state of the law in the Sixth Circuit.

permissible under *Heller*.[5] Established Sixth Circuit precedent, most clearly espoused in *Carey*, requires the Court to find that § 922(g)(1) is lawful as applied to convicted felons.

Second, Defendant's criminal history means he cannot overcome *Heller's* presumption that § 922(g)(1) is constitutional. Defendant points to various state and federal laws that permit or require felony convictions for relatively minor crimes. [Doc. 16 at 4]. He argues that in Pennsylvania, someone convicted of three instances of library theft may be a felon, as can someone in Michigan convicted of returning an out-of-state bottle for recycling, or even someone convicted of uttering profanity on the radio. [*Id.*]. Defendant contends that individuals convicted of such minor crimes surely remain among "the people" protected by the Second Amendment, suggesting that a judicial determination of dangerousness is required to strip felons of their Second Amendment rights. [*Id.*].

Even were this argument persuasive in the abstract, Defendant is not a petty book thief or small-time recycling fraudster. Mr. Bivens has prior convictions for Aggravated Robbery and Aggravated Burglary. As the Supreme Court noted in *Bruen*, the Second Amendment does not cover the right to bear arms "in a way that spreads 'fear' or 'terror' among the people." *Bruen*, 142

---

[5] In *United States v. Frazier*, 314 F. App'x 801 (6th Cir. 2008), for example, the court observed that "the Supreme Court clarified that 'the right secured by the Second Amendment is not unlimited'" and that "nothing in [*Heller*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." Further, a conviction under § 922(g)(1) for possessing a firearm as a felon "is not in violation of the Second Amendment." *Id.*; *see United States v. Wisnant*, F. App'x 426 (6th Cir. 2010) ("[The Sixth Circuit] has held that § 922(g)(1) comports with the Second Amendment, stating that 'prohibitions on felon possession of firearms do not violate the Second Amendment.'"); *United States v. Khami*, 362 F. App'x 501 (6th Cir. 2010) ("*Heller* indicates that its holding does not bring into question the constitutionality of § 922(g)(1), and this Court has not been presented with any convincing argument that its dicta should not be very persuasive in this case."); *United States v. Swaggerty*, 2017 WL 11622737 (6th Cir. Oct. 18, 2017) (noting that the Sixth Circuit has "repeatedly rejected Second Amendment challenges to § 922(g)(1) by convicted felons" and has "also concluded that the United States Supreme Court's decision in [*Heller*] confirms the constitutionality of prohibiting convicted felons from possessing firearms"); *United States v. Goolsby*, 2022 WL 670137 (6th Cir. Mar. 7, 2022) ("[*Heller*] declined to 'cast doubt on longstanding prohibitions on the possession of firearms by felons [and]…consider[ed] these prohibitions 'presumptively lawful.' . . . Pointing to this language, [the Sixth Circuit has] repeatedly found that 'prohibitions on felon possession of firearms do not violate the Second Amendment.'").

S. Ct. 2145.

Based on his criminal history, Mr. Bivens falls within the exact category of felons to whom the rationale from *Heller* would apply. Moreover, because his conduct does not fall within the plain text of the Second Amendment, the Government is not required to prove that the regulation of that conduct comports with the Nation's historical tradition of firearm regulation. Bivens has not provided a compelling reason to find that, as applied to him, § 922(g)(1) is unconstitutional, and his as-applied challenge fails.

4. **CONCLUSION**

Accordingly, Defendant Drequan Bivens's Motion to Dismiss Indictment [Doc. 16] is **DENIED**. By its plain language, *Bruen* did not upset controlling Sixth Circuit law in *Carey* or the force of *Heller's* dicta. The Court is bound to follow this precedent until directed otherwise. The Court finds 18 U.S.C. § 922(g)(1) is constitutional as applied to Defendant Bivens and does not violate his Second Amendment rights.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**